Heather McMillan (188939)
Daniel P. Stevens (164277)
STEVENS & McMILLAN
335 Centennial Way
Tustin, CA 92780
Tel.:    (714) 730-1000
Fax:    (714) 730-1067

Attorneys for Plaintiff
KRISTINA LABARBER

## IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| KRISTINA LABARBER,<br><br>Plaintiff,<br><br>v.<br><br>CRB BUILDERS, ALLERGAN INC., DUANE SALTSGAVER and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 30-2020-01129859-CU-OE-CJC<br>Judge Charles Margines<br><br>COMPLAINT FOR DAMAGES<br><br>1.  Harassment<br>2.  Retaliation<br>3.  Failure to Prevent<br>4.  Violation of Labor Code Section 1102.5 (Whistleblower)<br>5.  Assault and Battery<br>6.  Wrongful Termination |

Plaintiff alleges:

1.     At all times mentioned in this complaint, Defendants CRB BUILDERS and ALLERGAN, INC., were each, respectively, business entities, duly licensed, and conducting business in the County of Orange, State of California. At all times mentioned in this complaint, Defendant DUANE SALTSGAVER, was a resident of California.

2.     At all times mentioned in this complaint, Plaintiff KRISTINA LABARBER was a resident of California.  During the relevant time period, Plaintiff was jointly employed by and then terminated by Defendants.

3.     Plaintiff does not know the true names of Defendants DOES 1 through 50, inclusive, and therefore sue them by those fictitious names.

1

1    4.      Plaintiff is informed and believes, and on the basis of that information and belief
2  alleges, that at all times mentioned in this complaint, defendants were the agents and employees of
3  their co-defendants or otherwise responsible for the conduct complained of herein, and in doing the
4  things alleged in this complaint were acting within the course and scope of that agency and
5  employment or were otherwise responsible for the damages complained of by the Plaintiff.

6                              **FACTUAL ALLEGATIONS**

7    5.      Kristina Labarber commenced employment with CRB Builders in their Irvine
8  office as a Senior Project Coordinator on November 21, 2018. She was assigned to work at
9  Allergan in Irvine under the supervision of Allergan employee Defendant Saltsgaver.

10   6.      Mr. Saltsgaver began to stalk Ms. LaBarber. At first, he started asking her to lunch
11 repeatedly. When she would try to say no, he would force her to come with him. He sent her
12 hundreds of texts and emails. He also told her that when he called, she must always answer. He
13 called her repeatedly, and would often call in the middle of the night. Mr. Saltsgaver told his ex
14 girlfriend that he was engaged to Ms. LaBarber.

15   7.      At one point, Mr. Saltsgaver talked Ms. LaBarber into going to a concert with
16 him. After the concert he was too intoxicated to drive and security was called on him, so she was
17 compelled to drive the car. However, after they got out of the parking lot, while she was driving,
18 he physically assaulted her to try to get her to pull over and let him drive, and he threatened to
19 kill her if she would not let him drive. Later, he told her if she called the police she would lose
20 her job.

21   8.      Ms. LaBarber complained about Mr. Saltsgaver's conduct numerous times.

22   9.      On January 11, 2019, Ms. LaBarber discovered for the second time that Mr.
23 Saltgaver had placed a tracking device in her car. She called the police and there is now a felony
24 case against Mr. Saltsgaver.

25   10.     Soon thereafter, she complained in writing to both Allergan and CRB.

26   11.     Ms. LaBarber went to court to get a restraining order against Mr. Saltsgaver. It
27 was granted on March 6, 2019.

28                                         2

12.     On March 11, 2019, Ms. LaBarber was terminated by Chuck Glynn, the person who hired her and who oversees the projects in South Orange County. He sent an email saying that there was no more work at Allergan. He called her after he sent the email and said "Due to the unfortunate situation that occurred, we no longer have hours to offer you." She said "Is there anything else you have I can do, I'll take a demotion, I'll do any job you have. I'll work in San Diego. I know you have open positions in San Diego. I'll work from midnight to 8 am. I'll take less pay." He said "No sorry. We have all that covered." This was untrue. She had been told about several open positions in San Diego during the past two weeks by her superintendent and had even been asked to work on a project in San Diego.

13.     Allergan knew or should have know that Mr. Saltgaver was a dangerous stalker in that he had been arrested before for the same conduct.

14.     The plaintiff filed administrative complaints with the Department of Fair Housing and Employment within the statutory time period and received Notices of Case Closure (Right-to-Sue Letters) for each defendant named herein.

### FIRST CAUSE OF ACTION

(Harassment - Gov't Code § 12940(j)(1))

(By Plaintiff Against All Defendants)

15.     Plaintiff hereby incorporates paragraphs 1 through 14, inclusive, as though fully set forth at this point.

16.     This action is brought pursuant to the California Fair Employment and Practices Act, section 12940(j)(1) of the Government Code, which prohibits harassment against a person on the basis of the person's sex, and the corresponding regulations of the California Fair Employment and Housing Commission.

17.     At all times mentioned in this complaint, Defendant employers regularly employed at least one employee bringing the Defendant employer within the provisions of section 12940 et seq. of the Government Code prohibiting employers or their agents from harassing employees on the basis of sex.

3

1      18.    During Plaintiff's employment as alleged herein, Mr. Saltsgaver repeatedly

2 engaged in unwelcome behavior toward plaintiff that was derogatory on the basis of sex.

3      19.    As described above, Mr. Saltsgaver made unwanted advances and stalked the

4 plaintiff repeatedly, inter alia.  All of this conduct constituted severe and pervasive harassment.

5      20.    Plaintiff alleges that the conduct as described in this complaint was unwelcome

6 and offensive to plaintiff and would have been offensive to any reasonable person in plaintiff's

7 position.

8      21.    Plaintiff did not consent to such conduct.

9      22.    As a direct and proximate result of the unlawful conduct as alleged in this

10 Complaint, the Plaintiff has suffered extreme and severe anguish, humiliation, nervousness,

11 anger, tension, anxiety and emotional distress.

12      23.    As a further direct and proximate result of the unlawful conduct described herein,

13 the Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of

14 job opportunity and other losses.

15      24.    Because Plaintiff was harassed in violation of the law, plaintiff is entitled to

16 recover attorneys' fees and costs in this action pursuant to California Government Code section

17 12965(b).

18      25.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a

19 deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and

20 damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an

21 amount appropriate to punish and make an example of Defendants.

22                         **SECOND CAUSE OF ACTION**

23                             (Retaliation)

24             (By Plaintiff Against CRB, Allergan and Does 1 through 50)

25      26.    Plaintiff hereby incorporates paragraphs 1 through 25, inclusive, as though fully

26 set forth at this point.

27      27.    This action is brought pursuant to the California Fair Employment and Practices

28                           4

1 Act, section 12940(h) of the Government Code, which prohibits an employer from discharging,
2 expelling or otherwise discriminating against any person because the person has opposed any
3 practice forbidden under Government Code section 12940 et seq. and/or the corresponding
4 regulations of the California Fair Employment and Housing Commission.

5      28.    At all times mentioned in this complaint, Defendants regularly employed at least
6 five employees bringing the defendant employer within the provisions of section 12940 et seq. of
7 the Government Code prohibiting employers or their agents from retaliating against an employee
8 who opposes practices forbidden under the Fair Employment and Housing Act.

9      29.    As more fully set forth herein, plaintiff was subjected to sexual harrasment while
10 employed by the defendants.

11      30.    In retaliation for complaining about the illegal conduct, plaintiff was terminated.

12      31.    As a direct and proximate result of Defendants' unlawful conduct as alleged in this
13 complaint, plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger,
14 tension, anxiety, and emotional distress.

15      32.    As a further direct and proximate result of the unlawful conduct, plaintiff has
16 suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity
17 and other losses.

18      33.    Because plaintiff was retaliated against in violation of the Fair Employment and
19 Housing Act, plaintiff is entitled to recover attorney's fees and costs in this action pursuant to
20 California Government Code section 12965(b).

21      34.    Because the acts taken toward plaintiff were carried out by Defendants acting in a
22 deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and
23 damage plaintiff, plaintiff requests the assessment of punitive damages against Defendants in an
24 amount appropriate to punish and make an example of Defendants.

25 ///

26 ///

27 ///

28

1

**THIRD CAUSE OF ACTION**

2

(Failure to Prevent Discrimination - Gov't Code § 12940(k))

3

(By Plaintiff Against CRB, Allergan and Does 1 through 50)

4      35.      Plaintiff hereby incorporates paragraphs 1 through 34, inclusive, as though fully

5  set forth at this point.

6      36.      This action is brought pursuant to the California Fair Employment and Practices

7  Act, section 12940(k) of the Government Code, which prohibits an employer from failing to take

8  all reasonable steps necessary to prevent discrimination, harassment and retaliation and the

9  corresponding regulations of the California Fair Employment and Housing Commission.

10      37.      At all times mentioned in this complaint, Defendants regularly employed at least

11  five employees bringing Defendant employer within the provisions of section 12900 et seq. of

12  the Government Code prohibiting employers or their agents from failing to take all reasonable

13  steps necessary to prevent discrimination, harassment and retaliation.

14      38.      Defendants failed to take all reasonable steps necessary to prevent discrimination

15  and harassment in that the employer failed to comply with Department of Fair Employment and

16  Housing laws and regulations, failed to offer discrimination and harassment training, failed to

17  maintain an effective complaint procedure, failed to adequately educate managers about

18  discrimination and harassment and failed to educate managers regarding proper responses to

19  complaints. Defendants also failed to take all reasonable steps to prevent harassment and

20  discrimination by not taking adequate remedial action after becoming aware of ongoing

21  discrimination and harassment.

22      39.      As a direct and proximate result of Defendants' unlawful conduct as alleged in

23  this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension,

24  anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

25      40.      As a further direct and proximate result of the unlawful conduct, Plaintiff has

26  suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity

27  and other losses.

28

6

41.     Because the Defendants failed to prevent discrimination and harassment in violation of the Fair Employment and Housing Act,  Plaintiff is entitled to recover attorneys' fees and costs in this action pursuant to California Government Code section 12965(b).

42.     Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

**FOURTH CAUSE OF ACTION**

(Violation of Labor Code 1102.5 - Whistle Blower)

(By Plaintiff against CRB, ALLERGAN and Does 1 through 50)

43.     Plaintiff hereby incorporates by reference paragraphs 1 through 42, inclusive, of this complaint as if fully set forth.

44.     This cause of action is brought pursuant to California Labor Code section 1102.5 which prohibits an employer from retaliating against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute and it prohibits retaliation for disclosing information to a person with authority over the employee or who has the authority to investigate a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

45.     Plaintiff complained to her supervisors and filed a complaint with the police that defendant employer was sexually harassing her, stalking her, planting illegal monitoring devices on her car, and physically assaulting her.

46.     Defendants discovered that plaintiff made the complaints and retaliated by terminating her employment.

47.     As a direct and proximate result of Defendant's unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.

7

48.     As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

49.     Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants, in an amount appropriate to punish and make an example of Defendants.

50.     Pursuant to California Labor Code section 98.6, plaintiff also seeks the remedy of reinstatement and reimbursement for lost wages from the defendant.

**FIFTH CAUSE OF ACTION**

(Assault and Battery)

(By Plaintiff Against All Defendants)

51.     Plaintiff hereby incorporates paragraphs 1 through 50, inclusive, as though fully set forth at this point.

52.     Defendant Salsgaver, while employed by the defendant and within the scope of his employment, physically assaulted and battered plaintiff, threatened to kill her, causing her injury and to be in fear of her life.

53.     As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, nervousness, anger, tension, anxiety and emotional distress.

54.     As a further direct and proximate result of the unlawful conduct, the Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

55.     Because the acts taken toward plaintiff were carried out by Defendants acting in a conscious and reckless disregard of her rights,  plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

8

**SIXTH CAUSE OF ACTION**

(Wrongful Termination)

(By Plaintiff Against CRB, ALLERGAN and Does 1 through 50)

56.    Plaintiff hereby incorporates by reference paragraphs 1 through 55, inclusive, as though fully set forth at this point.

57.    Plaintiff alleges that the discharge was wrongful because it was in violation of the public policy of the State of California as set forth in California Government Code section 12940 et seq., the administrative regulations of the Fair Employment and Housing Act and Article 1, section 8 of the Constitution of the State of California, and Labor Code Section 1102.5, as set forth more fully herein.

58.    As a direct and proximate result of Defendants' unlawful conduct as alleged in this complaint, Plaintiff has suffered extreme and severe anguish, humiliation, anger, tension, anxiety, depression, lowered self-esteem, sleeplessness and emotional distress.

59.    As a further direct and proximate result of the unlawful conduct, Plaintiff has suffered and continues to suffer loss of income, loss of earning capacity, loss of job opportunity and other losses.

60.    Because the acts taken toward Plaintiff were carried out by Defendants acting in a deliberate, cold, callous, malicious, oppressive, and intentional manner in order to injure and damage plaintiff, Plaintiff requests the assessment of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

**As to the First, Second and Third Causes of Action:**

1.    For general and compensatory damages;

2.    For special damages according to proof;

3.    For punitive damages;

4.    For prejudgment interest on all amounts claimed that are readily ascertainable;

5.    For costs and attorneys' fees pursuant to Government Code section 12965(b); and

9

6. For such other and further relief that the court considers proper.

**As to the Fourth Cause of Action:**

1. For general and compensatory damages;

2. For special damages;

3. Reinstatement and reimbursement for lost wages under Labor Code §98.6;

4. For prejudgment interest on all amounts claimed that are readily ascertainable;

5. For punitive damages; and

6. For such other and further relief that the court considers proper.

**As to the Fifth and Sixth Causes of Action:**

1. For general and compensatory damages;

2. For special damages according to proof;

3. For punitive damages;

4. For prejudgment interest on all amounts claimed that are readily ascertainable;

5. For costs; and

6. For such other and further relief that the court considers proper.

STEVENS & McMILLAN

Dated: February 5, 2020          By: _____

DANIEL P. STEVENS
Attorney for Plaintiff
KRISTINA LABARBER

10

**Complaint for Damages**